## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMAR L. CAMPBELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 03-916-GMS |
| | ) | |
| THOMAS CARROLL, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

---

Jamar L. Campbell. *Pro se* petitioner.

Thomas E. Brown, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Attorney for respondent.

---

## MEMORANDUM OPINION

November  4 , 2005
Wilmington, Delaware



FILED

NOV  4 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Sleet, District Judge

## I. INTRODUCTION

Petitioner Jamar L. Campbell is an inmate at the Delaware Correctional Center in

Smyrna, Delaware.  He has filed the pending petition for a writ of habeas corpus ("petition")

pursuant to 28 U.S.C. § 2254.  (D.I. 1.)   For the reasons that follow, the court will dismiss his

petition.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In December 1999, a probation and parole officer and a Wilmington police officer were

patroling in downtown Wilmington as part of Operation Safe Streets.[1]  It was 1:30 in the morning

when they observed Campbell standing with a woman on a sidewalk.  Campbell and the woman

had their hands extended toward each other and appeared to exchange something.  The officers

stopped their unmarked patrol car near Campbell and exited the vehicle.  Campbell began to

walk away and, with his right hand, threw an object into the street under a car.  One of the

officers retrieved the item, which turned out to be a single bag filled with 24 individual bags of

crack cocaine.  The total weight of the crack was 2.45 grams.  The officers arrested Campbell and

charged him with possession with intent to deliver cocaine and possession of cocaine within 300

feet of a park.  *Campbell v. State*, 801 A.2d 10 (Table), 2002 WL 1472283 (Del. Jun. 27, 2002).

During his jury trial in the Delaware Superior Court, Campbell testified that a coworker

dropped him off on the street after finishing work in Newark.  Campbell said that his house was

approximately three blocks away from where he was arrested, and that he was en route to visit

---

[1]Operation Safe Streets is a joint police and probation program designed to apprehend
offenders who fail to comply with the terms of their probation.  *See Ayers v. Kearney*, 2005 WL
1106078, at *6 n.3 (D. Del. May 6, 2005).

1

his aunt and uncle. He testified that he did not know the woman, and that she had asked him if he had a light for a cigarette. Campbell also denied that he was attempting to sell drugs on the night of his arrest. *Id.*

The jury convicted Campbell of both charges. In August 2001, the Superior Court sentenced Campbell to a total of eighteen years incarceration, to be suspended after serving fifteen years for decreasing levels of supervision. Campbell appealed, and before the Delaware Supreme Court issued a mandate, he filed in the Superior Court a *pro se* motion for new trial. The Superior Court deferred action on the motion until the Delaware Supreme Court issued its mandate. *Campbell v. State*, 813 A.2d 1140 (Table), 2002 WL 31855335 (Del. Dec. 19, 2002). After the Delaware Supreme Court affirmed Campbell's convictions and sentences, the Superior Court denied the motion for new trial. *Id.* at **1. Campbell appealed, and the Delaware Supreme Court affirmed the Superior Court's decision. *Id.*

*See Campbell v. State*, 813 A.2d 1140 (Table), 2002 WL 31855335 (Del. Dec. 19, 2002).

In September 2003, Campbell filed in this court a 130-page petition for the writ of habeas corpus, essentially raising seven claims for relief. (D.I. 1.) The State filed an answer, asking the court to dismiss the petition because six claims are procedurally barred and one claim does not warrant relief under § 2254(d)(1). (D.I. 15.) Campbell filed a reply disputing the State's argument that six of his claims are procedurally barred. (D.I. 18.)

Campbell's petition is ready for review.

## III. GOVERNING LEGAL PRINCIPLES

### A. The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

2

"to reduce delays in the execution of state and federal criminal sentences . . . and to further the

principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206

(2003)(internal citations and quotation marks omitted). Pursuant to AEDPA, a federal court may

consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

AEDPA imposes procedural requirements and standards for analyzing the merits of a habeas

petition in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are

given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see*

*Woodford,* 538 U.S. at 206.

### B. Exhaustion and Procedural Default

Absent exceptional circumstances, a federal court cannot grant habeas relief unless the

petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b);

*O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999); *Picard v. Connor*, 404 U.S. 270, 275

(1971). AEDPA states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to
> the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>    (ii) circumstances exist that render such process ineffective to protect the rights of the
>    applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a petitioner to

give "state courts one full opportunity to resolve any constitutional issues by invoking one

3

complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 844-45; *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by demonstrating that the habeas claim was "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997)(citations omitted); *Coverdale v. Snyder*, 2000 WL 1897290, at *2 (D. Del. Dec. 22, 2000). "'Fair presentation' of a claim means that the petitioner 'must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted.'" *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004)(citing *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999)).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir. 2000); *Wenger v. Frank,* 266 F.3d 218, 223 (3d Cir. 2001); *see Teague v. Lane,* 489 U.S. 288, 297-98 (1989). Although the failure to exhaust state remedies may be excused, unexhausted claims are still procedurally defaulted. *Lines,* 208 F.3d at 160. Similarly, if a state court refused to consider a petitioner's claims for failing to comply with an independent and adequate state procedural rule, the claims are deemed exhausted but procedurally defaulted. *Harris v. Reed,* 489 U.S. 255, 263 (1989); *Werts*, 228 F.3d at 192.

Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claim. *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir. 1999); *Coleman v. Thompson,* 501 U.S. 722, 750-51 (1991); *Caswell v. Ryan,* 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate

4

cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). A petitioner can demonstrate actual prejudice by showing "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir. 2001). A petitioner demonstrates a miscarriage of justice by showing a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency, *Bousley v. United States,* 523 U.S. 614, 623 (1998), and is established if no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Sweger v. Chesney,* 294 F.3d 506, 522-24 (3d Cir. 2002).

### C. Standard of Review Under AEDPA

If a federal court determines that a claim is not procedurally defaulted and the state court adjudicated the federal claim on the merits, the court can only grant habeas relief if the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2); *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001). A claim is considered to have been "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d)(1) if the state court "decision finally resolv[es] the parties claims, with *res judicata* effect, [and] is based on the substance of the claim advanced, rather than on a procedural, or other ground." *Rompilla v. Horn*, 355 F.3d 233, 247 (3d Cir. 2004)(internal citations omitted), *reversed on other grounds by Rompilla v. Beard*, – U.S. – , 125 S.Ct. 2456  (2005).

When reviewing a § 2254 petition, a federal court must presume the state court's determinations of factual issues are correct, unless the petitioner presents clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions). This presumption of correctness applies to both explicit and implicit findings of fact. *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000).

## IV. DISCUSSION

Campbell asserts the following seven grounds for relief in his petition: (1) numerous allegations that defense counsel provided ineffective assistance; (2) prosecutorial misconduct, stemming from the prosecutor's prejudicial remarks made throughout the trial; (3) the trial court erred by not curing the effect of the improper prosecutorial statements, by permitting suggestive and perjured testimony to occur, by asking Campbell improper and prejudicial questions, and by disclosing Campbell's past record; (4) the State changed the elements of the charges in the indictment, causing a structural defect in the trial, and therefore violated his rights to due process

6

and a fair trial; (5) the State did not prove the elements of the charged offenses beyond a

reasonable doubt, and there was insufficient evidence to sustain his convictions; (6) the evidence

at trial had been tampered with; and (7) the jury instructions were improper.

The State concedes that Campbell has exhausted state remedies for these claims.[2]

However, it contends that claims two through seven are procedurally barred from federal habeas

review due to Campbell's failure to present the claims to the state courts in the correct procedural

manner. The State also contends that Campbell's ineffective assistance of counsel allegations do

not warrant federal habeas relief under § 2254(d)(1).

### A. Claim one: ineffective assistance of counsel

In his petition, Campbell asserts the following allegations regarding his counsel's

deficient performance:[3] (1) counsel failed to subpoena the female with whom Campbell was

conversing on the night of his arrest; (2) counsel engaged in a line of questioning that supported

---

[2] The court notes that the State's answer actually characterizes one of the claims as alleging that "the trial judge's questions to Campbell were improper and prejudicial," and cites D.I. 1 at 8-9, 80-93. (D.I. 15.) However, because a review of those same pages reveals that Campbell is asserting prosecutorial misconduct (claim two), the court characterizes the claim with the terminology used by Campbell. The court has included the claim regarding the trial judge's improper questions in claim three. Further, the record reveals that Campbell presented his prosecutorial misconduct claim to the Delaware Supreme Court on direct appeal. Thus, the prosecutorial misconduct claim is exhausted.

[3] The State summarizes Campbell's exhausted ineffective assistance allegations as follows: (1) failure to conduct an adequate investigation; (2) failure to subpoena trial witnesses; (3) failure to make appropriate objections at trial; (4) failure to conduct a proper cross-examination; (5) failure to seek suppression of evidence; (6) failure to challenge the arrest warrant; (7) failure to object to improper jury instructions; and (8) failure to move for a mistrial. (D.I. 15, at 10.) Although the court has construed Campbell's petition as asserting a total of twelve ineffective assistance allegations, the substance of the nine exhausted claims identified by the court actually mirror the substance of the eight exhausted claims identified by the State; allegations one and ten identified by the court actually allege the same deficiency: failure to investigate.

the State's allegations and opened the door to the admission of Campbell's past acts; (3) counsel
failed to object to: Officer Mark Herron's testimony, the admission of the cocaine where Officer
Mark Herron could not state with certainty if it was a plastic bag containing cocaine allegedly
thrown by Campbell, the State's assertion that a drug transaction was taking place, and the
State's assertion that Campbell was caught selling drugs; the jury instructions;  (4) counsel failed
to file a pre-trial motion to suppress evidence on the basis of Delaware Rule of Evidence 609 and
to challenge the probable cause of arrest warrant; (5) counsel failed to investigate certain
mitigating evidence about Campbell's character and background; (6) counsel failed to call any
witnesses; (7) counsel failed to investigate whether the female involved in the alleged drug
transaction was a police officer, a police informant, or whether she was promised any immunity;
(8) counsel failed to move for a mistrial based on prosecutorial misconduct; (9) counsel failed to
verify crime scene evidence; (10) counsel failed to hire an investigator to find the female
involved in the alleged drug transaction; (11) counsel failed to investigate the lawfulness of the
arrest; and (12) counsel failed to develop overall trial strategy.  (D.I. 1, at 17-60).

### 1. Allegations one-six, eight, ten, and eleven do not warrant relief under § 2254(d)(1)

The record reveals that Campbell exhausted state remedies for allegations one through
six, eight, ten, and eleven because he presented them to the Delaware Supreme Court in his post-
conviction appeal.  (D.I. 11, Appellant's Br. in *Campbell v. State*, No. 297, 2003, pp. 5-20.)
The Delaware Supreme Court denied these claims as meritless.  Therefore, the court must apply
the deferential standard provided by § 2254(d)(1) and determine whether Delaware Supreme
Court's decision was contrary to, or an unreasonable application of, clearly established Federal

8

law, as determined by the Supreme Court.

The "clearly established Federal law" which governs ineffective assistance of counsel claims is the two-pronged standard enunciated by *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny. *See Wiggins v. Smith*, 539 U.S. 510 (2003). To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance actually prejudiced the petitioner's case; in other words, there is a reasonable probability that, but for counsel's faulty performance, the outcome of the proceedings would have been different. *Strickland*, 466 U.S. at 687-88, 692-94; *Marshall v. Hendricks*, 307 F.3d 36, 85 (3d Cir. 2002). In order to sustain an ineffective assistance of counsel claim, a petitioner must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal. *See Wells v. Petsock*, 941 F.2d 253, 259-260; *Dooley*, 816 F.2d at 891-92. Although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." *Strickland*, 466 U.S. at 689.

Here, the Delaware Supreme Court identified *Strickland* as the appropriate standard to apply and analyzed Campbell's ineffective assistance claims within its framework. *Campbell*, 2003 WL 21998563, at **1. Consequently, the state supreme court's denial of Campbell's ineffective assistance of counsel claims was not "contrary to" clearly established Federal law. *Williams*, 529 U.S. at 406 (holding that when a "run-of-the-mill state-court decision applie[s] the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case," the decision is not "contrary to" that precedent).

The court must also determine whether the state court's rejection of Campbell's

9

ineffectiveness claims involved an "unreasonable application of" *Strickland*. *See* 28 U.S.C. §
2254(d)(1). "The unreasonable application test is an objective one – a federal court may not
grant habeas relief merely because it concludes that the state court applied federal law
erroneously or incorrectly." *Jacobs v. Horn*, 395 F.3d 92, 100 (3d Cir. 2005)(citing *Wiggins v.
Smith*, 539 U.S. 510, 520-21 (2003)). Rather, a federal habeas court must objectively evaluate
the state court decision on the merits and determine whether the state court reasonably applied
the correct rule to the specific facts of the petitioner's case. *See Williams*, 529 U.S. at 409, 412-
13; *Matteo*, 171 F.3d at 891.

Both the Superior Court and the Delaware Supreme Court denied Campbell's ineffective
assistance of counsel claims after finding that Campbell did not establish the requisite prejudice
under *Strickland*. As stated by the *Strickland* Court:

[T]here is no reason for a court deciding an ineffective assistance claim to . . . address
both components of the inquiry if the defendant makes an insufficient showing on one . . .
If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient
prejudice . . . that course should be followed.

*Strickland*, 466 U.S. at 697. Thus, the state courts did not unreasonably apply *Strickland* by only
focusing Campbell's inability to establish the requisite prejudice.

The court also concludes that the state courts did not unreasonably apply *Strickland* in
concluding that defense counsel had not provided ineffective assistance. Campbell's habeas
petition only outlines the alleged deficiencies with his counsel's performance; he fails to provide
any evidence that trial counsel did anything other than reasonably exercise his professional
judgment in acting the way he did.

Further, Campbell's habeas petition fails to substantiate his ineffectiveness claims with

10

concrete allegations of prejudice sufficient to satisfy *Strickland*. For example, Campbell's complaints regarding his counsel's failure to investigate and failure to subpoena witnesses are based upon the fact that the woman present on the night of his arrest did not testify at trial. (D.I. 1, at 17.) However, because the unnamed woman was not taken into custody by police on the night of Campbell's arrest, *Campbell*, 2002 WL 1472283, at **2, any allegation regarding her potential testimony is purely speculative. Therefore, Campbell cannot demonstrate that he was prejudiced by his counsel's failure to investigate this unnamed woman because he cannot show what a "proper" investigation would have produced and that the resulting information would have led to a different result. *U.S. v. Askew*, 88 F.3d 1065, 1073 (C.A.D.C. 1996); *Sullivan v. Fairman*, 819 F.2d 1382, 1392 (7th Cir. 1987).

Similarly, when a petitioner complains about his counsel's failure to procure unspecified testimony, he must set forth facts to support his contention that the testimony would have made a difference in the outcome of his trial. *See Mayberry v. Petsock*, 821 F.2d 179, 187 (3d Cir. 1991). Given the fact that the two arresting officers testified at trial that they saw Campbell throw the crack cocaine into the street, Campbell's vague and conclusory statements fail to demonstrate that "but for" the unnamed woman's speculative testimony, the outcome of his trial would have been different. *See Zettlemoyer v. Fulcomer*, 923 F.2d 284, 298 (3d Cir. 1991).

Campbell also fails to establish prejudice for the remainder of his ineffective assistance claims, especially when the claims are viewed in light of the simple and straightforward set of facts. Two officers provided eyewitness testimony that they saw Campbell interacting with an unnamed woman at 1:30 in the morning. As they approached him, they saw Campbell discard a bag containing 24 other bags of crack cocaine packaged for distribution. The officers were only

11

a few feet away from Campbell when he threw the bag containing cocaine into the street. The bag landed under a car, and one officer retrieved it almost immediately.

Campbell was the sole witness for the defense. He testified that he did not know the name of the woman to whom he was talking when he was arrested, and he denied that he was selling drugs. He also testified that a coworker dropped him off after work, and that he was en route to visit his aunt and uncle's house nearby when he was arrested. However, Campbell could not remember his uncle's last name and, even though he was only three blocks from his own house when he was arrested, he did not remember the name of the street where he was dropped off.

The jury's guilty verdict demonstrates that they rejected Campbell's story. Although Campbell challenges this conclusion by alleging ineffective assistance of counsel, he fails to show that his trial result would have been different had his counsel acted otherwise. All of Campbell's actions on the night of his arrest occurred within 240 feet of a park. Thus, there was sufficient evidence to sustain the jury's verdict that Campbell possessed the cocaine within 300 feet of a park. Further, the way in which the cocaine was packaged, the total weight of the cocaine (2.45 grams), and Campbell's hasty attempt to discard it at approximately 1:30 in the morning supported an inference that Campbell intended to "deliver" the cocaine.

Accordingly, Campbell's ineffective assistance of counsel claims do not warrant federal habeas relief under § 2254(d)(1).

### 2. Allegations seven, nine, and twelve are procedurally barred

Campbell did not exhaust state remedies for ineffective assistance of counsel allegations seven, nine, and twelve because he did not present them to the Delaware Supreme Court in his

12

post-conviction appeal.  Any attempt now by Campbell to present these allegations in the

Superior Court via a new Rule 61 motion would be time-barred under Rule 61(i)(1) and barred as

formerly adjudicated under Rule 61(i)(4).  Thus, state procedural rules foreclose further state

court review of these arguments.

The court must excuse Campbell's failure to exhaust state remedies and treat the

allegations as exhausted because further state court review is unavailable.  Nevertheless, these

allegations are still procedurally defaulted.  The court cannot review their merits absent a

showing of cause for the default and prejudice resulting therefrom, or that a miscarriage of justice

will result if the court refrains from reviewing them.

Campbell has not alleged, and the court cannot discern, that any external impediment

prevented him from presenting these claims in his state post-conviction appeal.  In the absence of

cause, the court does not need to address the issue of prejudice.  Further, because Campbell does

not assert his actual innocence, the miscarriage of justice exception does not apply.

Thus, the court is precluded from reviewing ineffective assistance allegations one through

six, eight, and eleven.

## B. Claims Two, Three, Four, Five, Six, and Seven are procedurally barred from federal habeas review

The State correctly acknowledges that Campbell exhausted state remedies for claims two

through seven because he presented them to the Delaware Supreme Court in his direct appeal.[4]

_____

[4]Campbell also presented the substance of claims six and seven to the Delaware Supreme
Court when he appealed the Superior Court's denial of his motion for new trial.  The Delaware
Supreme Court affirmed the Superior Court's denial of these claims as time-barred by Delaware
Superior Court Criminal Rule 33.  The State contends that this denial under Rule 33 also
constitutes an independent and adequate state procedural ground precluding federal habeas
review of these claims.  The court need not address this issue, however, given the fact that these

13

Nevertheless, the State contends that federal habeas review is unavailable because the Delaware

Supreme Court rejected the claims pursuant to Delaware Supreme Court Rule 8, which

constitutes an independent and adequate state procedural ground precluding federal habeas

review. Campbell filed a traverse disputing the fact that these claims are procedurally barred.

Specifically, he argues that the Delaware Supreme Court's review for "plain error" under

Delaware Supreme Court Rule 8 constitutes an adjudication on the merits for the purposes of §

2254(d)(1). (D.I. 18.)

Campbell's argument fails. Delaware Supreme Court Rule 8 provides that "[o]nly

questions fairly presented to the trial court may be presented for review." By basing its rejection

of Campbell's claims on Rule 8, the Delaware Supreme Court was making a plain statement that

its decision rested on state law grounds. *Harris v. Reed,* 489 U.S. 255, 263-65 (1989); *see Ylst v.*

*Nunnemaker*, 501 U.S. 797 (1991). This court has consistently held that Delaware Supreme

Court Rule 8 is an independent and adequate state ground precluding federal habeas review. *See*

*Hubbard v. Carroll,* 2003 WL 277252, at *3 (D. Del. Feb. 5, 2003); *Maxion v. Snyder,* 2001 WL

848601, at *10 (D. Del. July 27, 2001); *Lawrie v. Snyder,* 9 F. Supp. 2d 428, 452-53 (D. Del.

1998). Consequently, the court cannot review these claims unless Campbell establishes cause for

his procedural default and actual prejudice resulting therefrom, or that a miscarriage of justice

will result in the absence of such review. *See* 28 U.S.C. § 2254(a); *Coleman v. Thompson,* 501

U.S. 722, 750-51 (1991); *Caswell v. Ryan,* 953 F.2d 853, 860-61 (3d Cir. 1992).

Campbell's traverse fails to identify any external factor that impeded his counsel's ability

two claims were presented to the Delaware Supreme Court in Campbell's direct appeal, and
therefore, they are procedurally barred for the reasons explained in the text of this opinion.

to present these issues to the Superior Court. To the extent Campbell attempts to blame this procedural default on his counsel's alleged ineffective assistance, it fails. Ineffective assistance of counsel can only constitute cause for a procedural default if the attorney's assistance was "so ineffective as to violate the Federal Constitution. " *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). As previously explained, Campbell has failed to demonstrate that his counsel provided ineffective assistance. Therefore, any alleged failure on his counsel's part in preserving these claims for review in the state courts does not excuse Campbell's procedural default.

To the extent Campbell's failure to preserve these claims for state court review was due to his own erroneous understanding of Delaware's procedural rules, this mistake also does not constitute cause for his procedural default. *See Cristin v. Brennan*, 281 F.3d 404, 420 (3d Cir. 2002)("Generally, 'cause' cannot be based on the mere inadvertence of the petitioner or petitioner's counsel to take an appeal").

Campbell's failure to establish cause eliminates the court's need to reach the question of prejudice. *See Smith v. Murray,* 477 U.S. 527, 533 (1986). Finally, Campbell does not allege that he is actually innocent, nor does he present any colorable evidence of his actual innocence. Thus, Campbell has not demonstrated that a fundamental miscarriage of justice will result from the court's inability to review this claim.

Accordingly, the court will dismiss claims two, three, four, five, six, and seven as procedurally barred from federal habeas review.

## V. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule

15

22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Further, when a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack*, 529 U.S. at 484.

The court concludes that Campbell's petition does not warrant federal habeas relief. Reasonable jurists would not find this conclusion to be unreasonable. Consequently, the court declines to issue a certificate of appealability.

**VI. CONCLUSION**

For the reasons stated, Campbell's petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.

16

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMAR L. CAMPBELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 03-916-GMS |
| | ) | |
| THOMAS CARROLL, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY ORDERED that:

1. Jamar L. Campbell's petition for the writ of habeas corpus, filed pursuant to 28 U.S.C § 2254, is DISMISSED, and the relief requested therein is DENIED. (D.I. 1.)

2. The court declines to issue a certificate of appealability.

Dated: November 4 , 2005



UNITED STATES DISTRICT JUDGE

FILED

NOV 4 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE